UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE COMMVAULT SYSTEMS, INC. SECURITIES LITIGATION | Master File No. 14-5628 (PGS) (LHG)<br><br>**CONFIDENTIALITY ORDER** |

The parties to the above-captioned litigation (the "Litigation"), by and through their respective undersigned attorneys, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, stipulate to the entry by the Court of this stipulation and confidentiality order (the "Confidentiality Order") as follows:

Disclosure and discovery activity in the Litigation may involve production of confidential information under Fed. R. Civ. P. 26(c)(1)(G). Accordingly, the parties stipulate to and jointly request that the Court enter the following Confidentiality Order governing the handling of documents, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production, and other written, recorded, graphic, or electronic matter or information produced, filed with, or submitted to the Court or given or exchanged by and among the parties (collectively, "Discovery Material") including Discovery Material produced by nonparties to the Litigation.

1.  All Discovery Material received by any party, including Discovery Material designated as "Confidential Information" ("Confidential Discovery Material") or "Highly Confidential" ("Highly Confidential Discovery Material"), or information summarizing, referencing, or incorporating Confidential Discovery Material and/or Highly Confidential Discovery Material, must be used solely for purposes of the Litigation, including any appeal or

retrial, and must not be used for any business, commercial, or other purpose, or for other litigation.

2. When used in this Confidentiality Order, the word "document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts of these materials, including, but not limited to, notes on these materials.

3. In this Confidentiality Order, a person or entity that produces or discloses Discovery Material in the Litigation is referred to as the "Producing Party," and the recipient of any Discovery Material in the Litigation is referred to as the "Receiving Party."

4. "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Confidential," if such Discovery Material contains "trade secret or other confidential research, development, or commercial information" as these terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). The Producing Party bears the burden of establishing good cause for confidential treatment. Any party may object to the classification of Discovery Material as Confidential by following the procedure set forth in Paragraph 11.

5. "Highly Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Highly Confidential," that the Producing Party reasonably and in good faith believes, at the time of designation, constitutes and/or contains current trade secrets, or other information the disclosure of which would result in appreciable competitive and/or other significant economic harm to the producing party, and such material would not otherwise be adequately protected under the procedures set forth herein if designated "Confidential." The review of Highly Confidential Information must be limited to

(i) counsel to all parties to the Litigation, (ii) experts retained by the parties with respect to related subject matters, or (iii) persons being deposed or testifying at trial in the Litigation to the extent such information is directly relevant to and necessary for the preparation for such persons' testimony in the Litigation, provided, however, that any such person shall not be permitted to retain copies of such Highly Confidential Information. Outside vendors (as defined herein or assisting counsel retained by any counsel identified in subsection (i) of this paragraph) may receive such information in the normal course of their responsibilities in connection with the Litigation. Any party may object to the classification of Discovery Material as Highly Confidential by following the procedure set forth in Paragraph 11.

6. "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

7. The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Confidentiality Order must be made in the following manner by the Producing Party:

    (a) In the case of paper documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation must be made by marking or stamping each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, prior to its production or disclosure to the Receiving Party. If only a portion or portions of the material on a page qualify for protection, the Producing Party must also clearly identify the protected portion(s) using appropriate markings.

    (b) In the case of electronically stored information produced on CD-ROM, DVD, or other electronic storage medium, the Producing Party must affix

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, using means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. If designation through affixation of the legend "Confidential" or "Highly Confidential" is impractical, the Producing Party shall designate in writing that information or Material that it regards as containing Confidential Information or Highly Confidential Information at the time of its production. In the case of any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" or "Highly Confidential" in the manner set forth above, or that are too voluminous to mark "Confidential" or "Highly Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other electronic storage medium containing such electronic data or documents with the appropriate designation.

(c) All depositions shall be presumptively treated as Confidential Information and subject to this Confidentiality Order during the deposition and for a period of thirty (30) calendar days after the day that said deposition takes place, unless otherwise ~~specific~~ specified in writing or on the record of the deposition by the Producing Party. At or before the end of such thirty (30) day period, the deposition, or pages thereof, shall be classified appropriately. The Producing Party must provide each court reporter participating in the deposition with a copy of this Confidentiality Order,

and the court reporter must adhere to its provisions. Each court reporter must mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof, as appropriate, and must separately bind those portions of the deposition transcript. Copies of the transcript for counsel's use may contain the Confidential or Highly Confidential testimony and other testimony in a single volume.

(d) A Producing Party's inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not, in and of itself, constitute a waiver of confidentiality and may be corrected by supplemental written notice to the Receiving Parties promptly upon the Producing Party's discovery of the inadvertent failure to designate, with the effect that the Discovery Material will then be subject to the protections of this Confidentiality Order. The delay in so designating a document shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Confidentiality Order, and parties will make reasonable efforts (i) to ensure that any paper or electronic documents summarizing, referencing, or incorporating any of the Discovery Material that are retained by the Receiving Party are treated as if the Discovery Material had originally been designated "Confidential" or "Highly Confidential" and (ii) to ensure that the Discovery Material is not further disclosed except in accordance with this Confidentiality Order.

8. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) outside counsel of record for parties in the Litigation and any other counsel employed by any party to the Litigation, and regular or temporary employees and service vendors of these counsel (including outside copying and litigation-support services) assisting in the conduct of the Litigation for use in accordance with this Confidentiality Order;

(b) subject to Paragraph 9, experts, consultants, and investigators (including their professional staffs) assisting counsel for the parties in the Litigation;

(c) the parties in the Litigation and the directors, officers, and employees of the parties who are assisting counsel in the Litigation;

(d) any person indicated to be the author, addressee, or a copy recipient of the Protected Information, or any other person who is reasonably believed to have knowledge of the Protected Information that was obtained without any violation of this Confidentiality Order;

(e) witnesses, noticed or subpoenaed deponents, and their counsel. Before showing Confidential Information to a witness or deponent, the party showing the Confidential Information must provide the witness or deponent with a copy of this Confidentiality Order. At the request of the relevant Producing Party, the portion of any deposition transcript involving the Protected Information must be designated "Confidential" or "Highly Confidential," as appropriate. Witnesses or deponents who are shown Protected Information may not retain copies of it;

(f) the Court and its support personnel;

(g) court reporters, videographers, and their staffs employed in the Litigation;

(h) mediators;

(i) any person carrying on an insurance business that may be liable to satisfy part or all of any judgment that may be entered in the Litigation, or to indemnify or reimburse for payments made to satisfy a judgment in the Litigation; and

(j) any other person only upon order of the Court or agreed to by the parties.

9. Each person given access to Confidential Information pursuant to Paragraph 8 or Highly Confidential Information pursuant to Paragraph 5 of this Confidentiality Order shall be advised by counsel for the party giving access that such Protected Information is being disclosed pursuant and subject to the terms of this Confidentiality Order and must be handled strictly in accordance with the terms thereof by the person receiving such Protected Information. Prior to and as a condition of disclosure of Confidential Information to any person described in the foregoing Paragraphs 8(g) and (i) or Highly Confidential Information to outside vendors as described in Paragraph 5, such person shall sign and execute a written acknowledgement in the form annexed hereto as Exhibit A, the original of which shall be maintained by counsel making the disclosure to such person.

10. Any persons receiving Protected Information must not reveal that information (including its contents, or any portion or summary of it) or discuss the information (including its contents, or any portion or summary of it) with any person who is not entitled to receive the information under this Confidentiality Order. Any person receiving Protected Information must maintain that material in a reasonably secure manner so that it is not further disclosed or used in any manner inconsistent with this Confidentiality Order.

11. During the pendency of the Litigation, a Receiving Party objecting to the designation of Discovery Material as "Confidential" or "Highly Confidential" must deliver to the

Producing Party a written statement by hand delivery, overnight delivery, or e-mail (which e-mail will be considered delivered when sent) informing the Producing Party that the Receiving Party objects to the designation. The parties must meet-and-confer within ten (10) days of service of the written statement of objection. If the parties are unable to resolve the Receiving Party's objection after conferring in good faith, the following procedure will apply unless otherwise agreed upon by both parties or as modified by the Court: The Receiving Party may challenge the designations within fourteen (14) days after the meet-and-confer pursuant to Local Civil Rule 37.1. Unless otherwise ordered by the Court, the Receiving Party may promptly file a motion challenging the designations. Within fourteen (14) days after the Receiving Party has filed the motion, or as otherwise stipulated by the parties, the Producing Party may file a response seeking to show good cause for the designation. Within seven (7) days of the Producing Party's filing of the response, the Receiving Party may file a reply. Motions filed under this Paragraph are limited to 10 pages; responses are limited to 10 pages; and replies are limited to 5 pages. The Producing Party has the burden of showing that the document or information is confidential under Rule 26(c) and this Confidentiality Order. While a motion challenging a confidentiality designation is pending, the Discovery Material must be treated as "Confidential" or "Highly Confidential" under this Confidentiality Order.

12. If documents, material, or information (including portions of deposition transcripts) designated as "Confidential" or "Highly Confidential" are to be included in any papers filed with the Court, the papers must be filed under seal in accordance with the Court's Local Rules and CM/ECF procedures. The papers must be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Confidential or Highly Confidential Information under seal must also file on the public record a version of the pleading

or other paper from which the Confidential or Highly Confidential Information has been redacted.

13. Where possible, only Confidential or Highly Confidential portions of filings with the Court are to be filed under seal. If any party desires to refer to, or include, Confidential or Highly Confidential Discovery Material in a brief, motion, or other Court filing, that party may confer with counsel for the Producing Party about any of the references in an effort to reach an agreement that will make filing under seal unnecessary.

14. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other Discovery Material which have previously been designated as comprising or containing Protected Information, and any pleading, brief or memorandum which reproduces, paraphrases, or discloses Protected Information, shall either (i) obtain the Producing Party's permission to remove the confidentiality designation for the Protection Information, or (ii) seek leave of the Court to file the Protected Information under seal. The Protected Information shall not be publicly filed until the Court renders a decision on the motion to seal.

15. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories and other Discovery Material which have previously been designated by a party as comprising or containing Protected Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed under seal in accordance with the Court's Local Civil Rule 5.3.

16. The inadvertent production of any Discovery Material in this Litigation will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege

or protection ("Privileged Material"), and the protections afforded under this Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    (a)    If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify any party that received the Privileged Material of the claim of privilege and the basis for the material being privileged. After receipt of this written notice from the Producing Party, the Receiving Party must promptly return or take commercially reasonable efforts to sequester or destroy the Privileged Material and any copies in its possession, custody or control, and take reasonable steps to retrieve the information if the party disclosed it before being notified. Each Receiving Party shall make no further use of the Privileged Material other than to challenge the assertions of privilege under Fed. R. Civ. P. 26(b)(5)(B).

    (b)    The Receiving Party must notify the Producing Party in writing within fifteen (15) calendar days of receiving written notice pursuant to Paragraph 16(a) whether it objects to the designation of the material as privileged or protected, or the Privileged Material in question shall be deemed privileged or protected. Within seven (7) calendar days of the receipt of an objection, the Receiving Party and the Producing Party must meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the Receiving Party may promptly present the Privileged Materials to the Court under seal for a

determination of the Producing Party's claim of privilege or protection. While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party must immediately return or take commercially reasonable efforts to destroy the inadvertently disclosed Privileged Material and all copies of it. The Producing Party has the burden of showing that the Discovery Material at issue is privileged or protected. Nothing in this Stipulation and Order prevents any party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.

17. This Confidentiality Order does not address the use of Protected Information at trial. The parties agree to meet and confer regarding use of Protected Information at trial and to raise the issue with the Court at an appropriate time.

18. Entering into this stipulated Confidentiality Order and producing or receiving Protected Information or otherwise complying with the Confidentiality Order does not:

(a) operate as an admission by any party that any particular materials designated as "Confidential" or "Highly Confidential" contain or reflect trade secrets or any other type of Protected Information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that

the restrictions and procedures in this Confidentiality Order constitute adequate protection for any particular information deemed by any party to be Protected Information;

(c) prejudice in any way the rights of any party to object on confidentiality, relevancy, or any other grounds to the production of any document requested;

(d) prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should, or should not continue to be subject to this Confidentiality Order;

(e) prejudice in any way the rights of a party to petition the Court for a further confidentiality order relating to any Discovery Material; or

(f) prevent the parties from agreeing to alter or waive the provisions of this Confidentiality Order with respect to any particular Discovery Material.

19. Subject to the Receiving Party's right to object or raise arguments regarding waiver, this Confidentiality Order has no effect upon, and does not apply to, each party's use of its own Protected Information for any purpose.

20. This Confidentiality Order will, absent written permission of the Producing Party with respect to any Protected Information or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals, subject to the rules of any appellate court that may override this Confidentiality Order in any or all respects. Unless otherwise ordered by the Court or agreed in writing by a Producing Party, within sixty (60) calendar days after the final termination of the Litigation by settlement or exhaustion of all appeals, any Receiving Party must use reasonable efforts to either return the Producing Party's Protected Information and copies of that material to the Producing Party or destroy that Protected Information. Notwithstanding the foregoing, each party may retain any

privileged documents or work product containing or referring to Protected Information, one complete set of Court filings, records of Court proceedings, correspondence among counsel, deposition transcripts, and exhibits marked at depositions.

21. If any Receiving Party receives a subpoena or other legal process commanding the production of Discovery Material (the "Demand"), and the Demand seeks Discovery Material that was designated as "Confidential" or "Highly Confidential" by someone other than the Receiving Party, the Receiving Party must (i) give written notice by hand or e-mail (which e-mail will be considered delivered when sent) promptly, within ten (10) business days after receipt of the Demand, to the relevant Producing Party who designated the material "Confidential" or "Highly Confidential" and (ii) shall not produce any Protected Information, unless court-ordered or otherwise required by law, in response to the Demand until the passage of ten (10) business days after notice to the Producing Party. The burden of opposing the enforcement of the Demand will fall solely upon the Producing Party who designated the Discovery Material. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Protected Information, the Receiving Party shall object to the Demand, citing this Confidentiality Order, and not thereafter produce such Protected Information, except as required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing in this Confidentiality Order requires the Receiving Party or anyone else covered by this Confidentiality Order to challenge or appeal any order directing production of Protected Information covered by this Confidentiality Order, or to subject himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court. In the event that Protected Information is produced to a non-party to this

Confidentiality Order in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential or Highly Confidential Information by the parties to this Confidentiality Order.

22. The parties agree to be bound by this Confidentiality Order even before entry of this Confidentiality Order by the Court. This Confidentiality Order applies to all Discovery Material produced in the Litigation, whether produced before or after the entry of this Confidentiality Order and whether produced by a party or by a nonparty.

23. This Confidentiality Order may be changed only by further agreement of all parties in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Confidentiality Order by application to the Court on notice to the other parties to this stipulated Confidentiality Order.

24. Nothing in this Confidentiality Order precludes any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision of this Confidentiality Order.

25. This Confidentiality Order may be signed by fax or PDF signature and may be signed in one or more counterparts, each of which will be deemed to constitute an original, but all of which together constitute one agreement.

IT IS SO STIPULATED.

Dated: November 9, 2016

/s/ James E. Cecchi                             /s/   Joshua N. Howley

James E. Cecchi                                 Joshua N. Howley
Lindsey H. Taylor                               **SILLS CUMMIS & GROSS, P.C.**
**CARELLA, BYRNE, CECCHI, OLSTEIN,**            One Riverfront Plaza
**BRODY & AGNELLO, P.C.**                       Newark, New Jersey 07102
5 Becker Farm Road                              (973) 643-5341
Roseland, New Jersey 07068

Telephone: (973) 994-1700  
Facsimile: (973) 994-1744  
jcecchi@carellabyrne.com  

Eric T. Kanefsky  
**CALCAGNI & KANEFSKY**  
One Newark Center  
1085 Raymond Blvd., 14th Floor  
Newark, New Jersey 07102  
Telephone: (862) 397-1796  
Facsimile: (862) 902-5458  
eric@ck-litigation.com  

*Local Counsel for Lead Plaintiff Arkansas Teacher Retirement System and the Class*

James A. Harrod  
Jai K. Chandrasekhar  
Rebecca E. Boon  
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**  
1251 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 554-1400  
Facsimile: (212) 554-1444  
Jim.Harrod@blbglaw.com  
Jai@blbglaw.com  
Rebecca.Boon@blbglaw.com  

*Counsel for Lead Plaintiff Arkansas Teacher Retirement System and Lead Counsel for the Class*

Jonathan Gardner  
**LABATON SUCHAROW**  
140 Broadway  
New York, NY 10005  
Telephone: (212) 907-0700  
Facsimile: (212) 818-0477  
JGardner@labaton.com  

*Additional Counsel for Lead Plaintiff*

Joseph De Simone  
Allison J. Zolot  
**MAYER BROWN LLP**  
1221 Avenue of the Americas  
New York, New York 10020  
(212) 506-2500  

Michele L. Odorizzi  
**MAYER BROWN LLP**  
71 S. Wacker Drive  
Chicago, Illinois 60606  
(312) 782-0600  

*Counsel for Defendants*

So Ordered this 18th day of November, 2016

15

## EXHIBIT A

## CERTIFICATION

I hereby certify my understanding that Discovery Material is being provided to me in accordance with the Confidentiality Order that was issued by the United States District Court for the District of New Jersey in *In re Commvault Systems, Inc. Securities Litigation*, No. 14-5628 (PGS)(LHG) (the "Order"). I have been given a copy of the Order and have read it. I will not reveal the Confidential Discovery Material and/or Highly Confidential Discovery Material to anyone, except as allowed by the Order. I will maintain any Confidential Discovery Material and/or Highly Confidential Discovery Material in my possession, including copies, notes, or other transcriptions made from Confidential Discovery Material, in a secure manner to prevent unauthorized access.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this _____ day of _____ in the year _____.

By: _____

Address: _____

_____

Phone: _____